IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARVIN L. ANDREWS, JR.,

    Plaintiff,                        Case No.    21 cv 5985

WASTE MANAGEMENT INC.,
TOM STURWOLD, Supervisor, and
DANIELLE, DENWOOD, Supervisor,

    Defendants.

## COMPLAINT

**NOW COMES** the Plaintiff, **MARVIN L. ANDREWS, JR**. by and through his attorney Gwendolyn Dale Anderson of the Law Office of Gwen Anderson & Associate and herein complains of **DEFENDANT, WASTE MANAGEMENT, INC. and DEFENDANT, TOM STURWOLD, Supervisor** and **DEFENDANT, DANIELLE DENWOOD, Supervisor** in violation of Plaintiff's Civil Rights pursuant to the Civil Rights Act of 1964, Title VII for **Racial Discrimination** in the workplace.

## JURISDICTION

1. Jurisdiction is invoked by Plaintiff pursuant to Title 28 U.S.C. Section 1331, 28 U.S.C. Section 1343 (2) and Section 2201 and 2202.

2. Plaintiff Marvin L Andrews, Jr., an African American Male, brings this Racial Discrimination cause of action pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. 1981 (a), 42 U.S.C.

2000e15(g) as amended by the Civil Rights of 1991 and against the Defendants for equitable relief under 42 U.S.C. 2000e-(5).

3. In May, 2021, Plaintiff filed a complaint against the Defendants with the EEOC, EQUAL EMPLOMENT OPPORTUNITY COMMISSION, alleging racial discrimination in the workplace and in violation of Title VII of the Civil Rights Act of 1964.

4. On August 10, 2021, the EEOC dismissed the complaint and issued Plaintiff a Rights to Sue Letter. **SEE EXHIBIT A**

5. On November 8, 2021, Plaintiff filed a Complaint alleging employment discrimination in the United States District Court for the Northern District of Illinois Eastern Division, against the Defendants alleging the violation of the Plaintiff's Civil Rights under Title VII of the Civil Right Act of 1964.

## VENUE

6. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to Title 28 U.S.C. Section 1392(b)(2).

## PARTIES

7. Plaintiff Marvin L. Andrews, Jr., is an African American Male who, resides at 7436 South Princeton Avenue in Chicago, Illinois 60621. Plaintiff is age 40 years old. Plaintiff was employed by the Defendant in March, 2012 until he was terminated on August 11, 2021. Plaintiff is currently unemployed and seeking employment. Plaintiff's job description at the Defendant company was a sweeper driver where he had been employed for nine (9) years.

8. Defendant Waste Management, Inc. is a Corporation licensed to do business in the City of Chicago and the State of Illinois. Defendant is located at 5050 West Pershing Road in Cicero, Illinois, 60804.

Defendant Waste Management employs more than 500 employee and is engaged in the business of waste removal and the disposal of waste products for both commercial and customers and entities.

9. Defendant Tom Sturwold is a white male employed by Defendant Waste Management Inc., as a supervisor. Defendant Sturwold was one of the supervisors who engaged in racially discriminating against the Plaintiff.

10. Defendant Danielle Denwood is a white female supervisor employed by Waste Management Inc. who also engaged in a course of conduct that discriminated against Plaintiff in the workplace.

## STATEMENT OF FACTS

11. Plaintiff Andrews was employed as a sweeper driver for Defendant Waste Management, Inc., for approximately nine (9) years. As a sweeper driver, Plaintiff was assigned daily to various companies who were customers of Defendant Waste Management at their locations. There, Plaintiff swept the streets and removed waste products from the customer's premises and streets.

12. After Plaintiff removed the waste and swept the streets of those sites, he would get back into his trunk, sit and wait to sweep and remove waste when other trunks would dispose of waste . This was a description of Plaintiff's work day for nine (9) years.

13. Vulcan Material, Inc . was one of the companies that Plaintiff had been assigned to sweep and remove waste from Its' streets and premises. Plaintiff had performed services for Vulcan Material, Inc. for a while without any complaints until July, 2021.

14. At the time stated above, two representatives of Vulcan complained about Plaintiff's work performance and accused him of sitting in his trunk for two days, doing nothing. These representatives also accused Plaintiff of failing to carry out his duties. They stated that Plaintiff did not provide them with "sweep tickets" and that he failed to log onto the company's log in sheet.

15. As a result of the allegations, Defendant Tom Sturwold, supervisor for Defendant Waste Management Inc., conducted an interview with Vulcan's Representative, Sue LNU to ascertain the circumstances of the allegations made by Vulcan. Defendant Sturwold was informed during the interview that Plaintiff sat in his trunk for two days; that he did not logged onto Vulcan's Log in sheets and that Plaintiff failed to provide "sweep tickets". As a result of this interview, Defendant Sturwold prepared a written report stating the substance of the conversation with Sue LNU. In the report, Sturwold said that Plaintiff told him there was no place to sign in on a log sheet and that he did not have any sweep tickets.

16. Plaintiff refuted the Vulcan Representative allegations and indicated that he had logged in on the days in question. Furthermore, Plaintiff reminded Defendant Sturwold that Defendant Waste Management, Inc. had ceased issuing "sweep tickets" several years past when Defendant Waste Management updated and improved Its' computer system.

17. In addition to the above, Defendant Sturwold was aware of the fact that sweep tickets were no longer being used because it was Defendant Sturwold's job to issue the ticket books to Plaintiff and other employees.

18. Under the computer system, each of Defendant Waste Management customer's were to log in and sign the sweep tickets for work performed by Waste Management employees.

19. As to Defendant Danielle Denwood , she followed Plaintiff around at the instructions of Defendant Sturwold in order to falsely corroborate the accusations alleging that Plaintiff was stealing company time, customers' time and that he was dishonest. Defendant Denwood made false accusation against Plaintiff when she indicated falsely that Plaintiff had locked his trunk against company policy.

20. As a results thereof, on August 11, 2021, Plaintiff was terminated. The termination was based on a pending investigation which commenced on August 6, 2021 arising from the allegations of the Vulcan's representative and concluded when Plaintiff was fired.

## COUNT I

## RACIAL DISCRIMINATION-DISPARATE IN TREATMENT

21. Plaintiff alleges and re-alleges all of the allegations set forth in Paragraphs 1-20 of the Complaint as if fully set forth herein.

22. Plaintiff was employed by Defendant Waste Management, Inc., for nine (9) years as a sweeper-driver.

23. After nine (9) years of employment and subsequent to a work related injury on the job in May, 2021, Plaintiff was accused of stealing company time, customer time and being dishonest. The accusations were alleged on August 6, 2021 and were made by one of Defendant Waste Management Inc's Customer, Vulcan Materials. In nine (9) years, no such accusations had been made against Plaintiff by any of Defendant Waste Management's customers.

24. In essence, Plaintiff was accused of sitting in his trunk for two days and not performing sweeping and waste removal for Vulcan Materials.

25. Plaintiff states that the allegations made by Vulcan Materials were untrue and that he performed the same duties as Jim Crowley, male white, and also a sweeper driver. Plaintiff also alleges that Jeffery Jaeger, male white, performed similar duties and neither one of those male white workers were terminated.

26. In this case, the male white workers were not disciplined, suspended or terminated for the same conduct that Plaintiff was terminated for. Moreover, both male white workers were similarly situated as Plaintiff and neither worker was subjected to the disciplinary treatment and subsequent termination as Plaintiff. The male white workers mentioned herein were subjected to more favorable treatment than Plaintiff.

27 In the case at bar, the Defendant Waste Management, Inc. as well as Defendant Sturwold and Defendant Denwood all racially discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, and as such, Plaintiff is entitled to damages and relief under the Statute. In conjunct thereto, Plaintiff is also seeking both front and back pay.

**WHEREFORE,** Plaintiff prays that this Honorable Court will grant the relief requested and enter an order granting damages pursuant to the Statute, front and back pay and for any other relief this Court deems just and fair.

Respectfully Submitted

*Gwendolyn D. Anderson*
By: /s/ Gwendolyn Dale Anderson, Esq.

Prepared by:

Gwendolyn Dale Anderson, Esq.
Law Office of Gwen Anderson & Associate
Attorney for Plaintiff
6727 South Euclid Avenue
Chicago, Illinois 60649
773-520-5506
ARDC # 0048682
attygwendanderson@gmail.com

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Marvin L. Andrews, Jr.<br>7436 S. Princeton<br>Chicago, IL 60621 | **From:** Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-04008 | **Marina Ravelo,** Investigator | (312) 872-9746 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/np*     8/10/2021

**Julianne Bowman, District Director**     *(Date Issued)*

Enclosures(s)

cc:
**WASTE MANAGEMENT**
c/o LaTanya Warner, VP, Asst. General Counsel
1001 Fannin, Suite 4000
Houston, TX 77002

*Exhibit A*

EXHIBIT "A"   Page 1 of 1